NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENISE J. COOPER,<br><br>            Plaintiff-Appellant,<br><br>   v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>            Defendant-Appellee. | No. 20-15935<br><br>D.C. No. 2:19-cv-00725-SPL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Steven P. Logan, District Judge, Presiding

Submitted November 10, 2021**
Pasadena, California

Before:  COLLINS and LEE, Circuit Judges, and OTAKE,*** District Judge.

Plaintiff-Appellant Denise Cooper appeals from the district court's judgment

upholding the decision of an administrative law judge ("ALJ") denying Cooper's

application for disability insurance benefits.  We have jurisdiction under 28 U.S.C.

§ 1291, and we review the district court's decision de novo.  *Benton ex rel. Benton*

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

*** The Honorable Jill Otake, United States District Judge for the District of
Hawaii, sitting by designation.

*v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). We may set aside the ALJ's denial only when the ALJ's findings "are based on legal error or not supported by substantial evidence in the record." *Id*. We affirm.

1. The ALJ provided sufficiently "specific, clear and convincing reasons," supported by substantial evidence in the record, for discounting Cooper's statements regarding the severity of her symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citation omitted).

Contrary to what Cooper contends, the ALJ sufficiently "identif[ied] what testimony" he found to be "not credible and what evidence undermine[d] the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Here, the ALJ summarized Cooper's relevant testimony concerning her key asserted limitations and stated that he found "these statements of extremely limited physical capacity inconsistent with the overall record." The ALJ then explained the specific reasons upon which that conclusion was based. Although Cooper would have preferred a more granular point-by-point refutation of her testimony, "[o]ur cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

Moreover, substantial evidence supports the ALJ's reasons for discounting Cooper's testimony. Although Cooper is correct that her "subjective pain

2

testimony cannot be rejected on the *sole* ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (emphasis added) (citing 20 C.F.R. § 404.1529(c)(2)). Here, in assessing Cooper's testimony, the ALJ properly concluded that the objective medical evidence did not support the degree of limitation that Cooper claimed. The ALJ acknowledged that some items of medical evidence could be viewed as suggesting a heightened "level of problems," but he explained why he ultimately found that other evidence in the record supported a different conclusion. Cooper contends that the ALJ should have read the record differently, but "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ also relied on the ground that Cooper's failure to continue with physical therapy was inconsistent with her symptom testimony. That is a valid, clear and convincing reason for discounting her testimony, *see Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996), and substantial evidence supports the ALJ's conclusion on this score. Cooper acknowledged that physical therapy helped with her pain, but she nonetheless told her physical therapist that she would not do exercises at home "because 'she does not have to.'" Cooper argues that the ALJ

3

should have given countervailing weight to the physical therapist's speculation that her refusal to exercise was due to a "fear of movement" resulting from her "chronic pain," but the ALJ was not required to do so. As the ALJ noted, her doctors had "repeatedly encouraged exercise, for both pain relief and weight loss," underscoring the significance of Cooper's refusal to comply with the physical therapist's recommendations.

The Government concedes that the ALJ erred in stating that Cooper's claims of disability were undermined by her "willing[ness] to amend her onset of disability to any date the [ALJ] might accept." However, we conclude that, considering the ALJ's valid reasons in the context of the record, this error was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[S]everal of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record."), *superseded by regulation on other grounds as stated in Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021).

2. We reject Cooper's contention that the ALJ erred in weighing the medical-source opinions.

The ALJ provided specific, clear and convincing reasons for discounting the opinions of Cooper's treating cardiologist, Dr. Afroze Ahmad. The ALJ properly

4

reasoned that Dr. Ahmad's opinions were not supported by the medical evidence; that she "provided very little explanation" for her "extreme statements"; that her first two form opinions focused on a condition that she did not treat; and that her third form opinion included a reference to diastolic heart failure that the ALJ concluded was inconsistent with the medical record. These were valid considerations in discounting Dr. Ahmad's testimony, *see Ford v. Saul*, 950 F.3d 1141, 1154–55 (9th Cir. 2020); *Orr v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007), and they are supported by substantial evidence. Cooper points to evidence in the record that is consistent with Dr. Ahmad's conclusions, but when "evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Although Cooper is correct in noting that the ALJ erred by further stating that the record does not contain Dr. Ahmad's treatment notes past December 2015, Cooper is not entitled to reversal on this basis because she has not persuasively shown that, on this record, the error was prejudicial. *See McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011) ("[T]he burden to show prejudice [is] on the party claiming error by the administrative agency.").

The ALJ also properly discounted the opinion of Cooper's nurse practitioner, Sara Edmund, who does not qualify as an "[a]cceptable medical source" under the Social Security regulations applicable to this pre-March 2017

5

application. 20 C.F.R. § 404.1502(a). The ALJ appropriately provided germane reasons for discounting Nurse Edmund's opinion. *See Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017). He found that Nurse Edmund's "extreme opinion" was unsupported by the medical evidence; that she did not provide an adequate narrative explanation for her opinion; and that she was not Cooper's main treatment provider for pain. Substantial evidence supports the ALJ's conclusion, and he did not err by considering these factors. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

Finally, the ALJ did not err by affording "considerable weight" to Dr. Robert Sklaroff's opinion. The ALJ permissibly considered that Dr. Sklaroff's opinion was "the most recent medical opinion in evidence"; that it "cit[ed] the extensive medical record"; that it was consistent with the medical evidence; and that Dr. Sklaroff "provided narrative explanation of his opinion." Although Dr. Sklaroff also opined on a condition that he did not treat, the ALJ's decision was not internally inconsistent because Dr. Sklaroff's opinion—unlike Dr. Ahmad's opinion—was consistent with the medical record. Finally, Cooper is not entitled to reversal based on Dr. Sklaroff's apparent one-sentence *ex parte* communication with the ALJ because she has not identified any prejudice resulting from the exchange. *See Ludwig v. Astrue*, 681 F.3d 1047, 1055 (9th Cir. 2012) ("An ex parte contact can be quite egregious without being prejudicial. In the absence of

6

actual prejudice from the error, we are required . . . to conclude that the ex parte

communication does not entitle [claimant] to a reversal.") (footnote omitted);

*McLeod*, 640 F.3d at 888.

      **AFFIRMED.**